UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARQUIS JOVAN VENTURA,

             Plaintiff,

-against-

JAMES WILLIAM MAGEE, Officer of the Court; BETH BELLER, District Court Judge; SARA LITMAN, District Court Judge,

             Defendants.

25-CV-5098 (KMW)

ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se*, is currently detained at the George R. Vierno Center ("GRVC") on Rikers Island. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional right to a "speedy and public trial." (ECF No. 1 at 2.) By Order dated June 18, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.) For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants Judge Beth Beller and Judge Sara Litman, both of whom sit in the New York Supreme Court, New York County, Criminal Term; and James Magee ("Magee"), Plaintiff's court-appointed criminal defense attorney.[2] (ECF No. 1.) On January 29, 2025, during Plaintiff's ongoing state-court criminal proceedings, Judge Beller "decided to remand [Plaintiff] without bail and requested a 730 report." (*Id.* at 5.) During that examination, Plaintiff "showed absolutely no signs of incompetency, although it appears the examiner[']s deposition declared [him] incompetent to stand trial." (*Id.* at 6.) According to Plaintiff, criminal defendants like him, "with a history of Mental disease," are "susceptible to coercion and undue influence. Regardless of their competence." (*Id.* at 7.) He also claims that Judge Litman made decisions in his case without notifying him. (*Id.* at 6.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise.

Plaintiff asserts that Magee "presented . . . falsified evidence of the alleged assault" and that the "police and prosecutors threatened to exhibit" it at Plaintiff's trial. (ECF No. 1 at 4.) Magee also "adversely postponed" Plaintiff's trial, violating his right to a speedy trial, and "refused to notify the courts of [his] request for a new counsel." (*Id.* at 4.) Plaintiff seeks "legal assistance filing for a writ of Habeas Corpus" to challenge "the institutionalization of a person declared incompetent and denial of effective assistance of counsel and dismissal of [his] case." (*Id.* at 5.)

## DISCUSSION

### A.   Judge Beller and Judge Litman

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). The doctrine applies "even when such acts are in excess of [a judge's] jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff fails to allege any facts to suggest that Judge Beller or Judge Litman acted beyond the scope of their judicial responsibilities or outside their jurisdiction. Because Plaintiff

sues the judges for "acts arising out of, or related to, individual cases before" them, they are immune from suit for such claims for damages. *Bliven*, 579 F.3d at 210.

In contrast, "a judge is not absolutely immune . . . from a suit for prospective injunctive relief." *Mireles*, 502 U.S. at 10 n.1 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order) ("[J]udicial immunity does not bar a claim for prospective injunctive and declaratory relief."). Nevertheless, a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Moreover, "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *Shtrauch*, 651 F. App'x at 74 (holding that plaintiff was not entitled to declaratory relief against judicial officer where plaintiff "alleges only past conduct and does not seek to prevent an ongoing or future violation of federal law").

Plaintiff is not entitled to injunctive relief in this action against Judges Beller and Litman because Plaintiff has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief," despite the availability of mechanisms for such relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). "[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff

"does not seek to remedy a harm that is truly prospective, [and plaintiff] does [not] show any entitlement to declaratory relief" based on the judge's past conduct). Accordingly, this Court cannot grant injunctive relief against the judges under Section 1983.

The Court therefore dismisses Plaintiff's claims against Judges Beller and Litman based on absolute judicial immunity and, therefore, as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP*s* statute].").

**B.     James William Magee**

To state a Section 1983 claim, a plaintiff must allege that: (1) a right secured by the Constitution and laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A Section 1983 claim must allege facts showing that a defendant acted under color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25

(1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal-aid organization ordinarily is not a state actor for purposes of Section 1983). Because Magee is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against him under Section 1983. The Court therefore dismisses Plaintiff's claims under Section 1983 against Magee for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

C.  **Intervention in State-Court Matter**

The Court must dismiss Plaintiff's request that this Court intervene in his pending state-court criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *Id.* at 53-54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

"[B]ad faith or harassment" exists when the party bringing the state court action has "'no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Incorp. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" was "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state criminal matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)), r*eport and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. New*

6

*York State Dep't of Lab.*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court proceedings. The Court therefore declines to intervene in those proceedings and dismisses his claims for relief.

**D.     Challenge to Custody**

Petitioner seeks relief in his state court criminal proceeding. In some circumstances, a state pretrial detainee may challenge the constitutionality of his detention in federal court, in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). A Section 2241 petition cannot, however, be used to "derail[] a pending state proceeding by . . . attempt[ing] to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners" (quoting *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

Before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to

resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*

In order to exhaust his available state court remedies, Petitioner must seek *habeas corpus* relief in the New York State courts and, if necessary, appeal all the way up to the New York Court of Appeals, New York State's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* A petitioner who has not exhausted available state court remedies generally may seek a writ of *habeas corpus* in federal court only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Robinson*, 2012 WL 1965631, at *2 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Because Plaintiff does not allege facts showing that he has exhausted his state court remedies or that exhaustion should be excused, the Court denies his petition without prejudice.

E.    **Request for Counsel**

Part of the relief Plaintiff seeks is appointment of counsel to assist him in filing a *habeas corpus* petition. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the litigant's case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's application for counsel is denied without prejudice.

F.  **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also* Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth above. In addition, the Court denies Plaintiff's request for appointment of counsel, and declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   October 31, 2025
         New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge